'08 CIV 5178

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LAMONT HARRIS
        Plaintiff,

against

ST. JOSEPH'S MEDICAL CENTER,
DOES 1'through'10 inclusive

    Defendant(s)

-----------------------------------------------------------------X

CASE No.:
CIVIL ACTION
COMPLAINT

**PLAINTIFF DEMANDS**
**TRIAL BY JURY**

    TAKE NOTICE, the Plaintiff, Lamont Harris, hereby appears in this action by his attorneys, The Law Office of Uwem Umoh Esq., and demands that all papers be served upon him, at the address below, in this matter.

    Plaintiff, Lamont Harris, by his attorney, Nkereuwem Umoh Esq., complaining of the defendants, St. Joseph's Medical Center, Jane Does" AND "John Does" collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is also an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the assault and negligence of the defendants, perpetrated while said defendants were in the process of unlawfully discharging plaintiff from St. Joseph's Medical Center.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United

Harris/ Civ./ Summ. and Complaint .                                                                           **Page 1**

States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff Lamont Harris resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown employees of St. Joseph's. They are being sued in both their individual and official capacity.

8. The Defendant, St. Joseph's is a business licenses to operate in the State of New York and employs the Jane and John Doe defendants. St. Joseph's is located in Westchester County.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about April 23, 2007, plaintiff was a patient at St. Joseph's Medical Center when employees of St. Joseph's discharged him by dragging him, naked, out of the facility and discarding him by the loading dock.

10. Plaintiff was at the hospital lawfully and did nothing to warrant unlawful discharge.

11. Upon information and belief, the defendants subsequently called the police to arrest plaintiff. Plaintiff was then taken to a psychiatric ward where he was imprisoned for over 24 hours before being released.

12. That even though the defendants knew should have known based on the facts that no crime had been committed, they still proceeded to have plaintiff falsely arrested. At no time did plaintiff commit any offense against the laws of New York City and or State.

13. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

14. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

15. As a direct and proximate result of their unlawful search seizure and assault, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of their homes.

16. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

17. Defendant, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline the employees involved in this incident.

18. The actions of defendants, using the powers of the State, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

19. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against all defendants

20. Plaintiffs hereby restate all paragraphs above of this complaint, as though fully set forth below

21. By unlawfully imprisoning Plaintiff without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

22. In addition, the Defendants officers conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

Harris/ Civ./ Summ. and Complaint .

Page 3

23. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

24. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

25. By unlawfully searching and assaulting plaintiff, without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

32. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

33. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendants, as employer of each of the John Doe Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

34. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery--all Defendants

35. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

36. In physically assaulting, threatening, intimidating plaintiff, the Defendants, acting in their capacities as employees of St Joseph's, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

37. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS FOR A FOURTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

38. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

39. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

40. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants.

41. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the John Does Defendants. St Joseph, as employer of the Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against all defendants.

43. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

44. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by him.

45. Upon information and belief, defendants owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

46. Upon information and belief, defendants, knew or should have known through the exercise of reasonable diligence that the Defendants were not prudent and were potentially dangerous.

47. Upon information and belief, defendants, negligence in hiring and retaining the John Doe Defendants proximately caused Plaintiff's injuries.

48. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

## AS A SIXTH CAUSE OF ACTION:

Negligence against all defendants.

49. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

50. As a direct and proximate result of the negligent acts of all the defendants, plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

51. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they was forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

52. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

WHEREFORE, plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount

to be determined at trial;

6. On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

7. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:
June 5, 2008

Brooklyn, New York

Respectfully Submitted

By:   NKEREUWEM UMOH Esq. [NU-7233]
255 Livingston Street,
4th Floor
Brooklyn, New York 11217
Tel. No.   : (718) 360-0527
Fax No.    : (718) 360-1916